IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GORDON KELIKIPI CHARLES MOORE,<br><br>      Plaintiff,<br><br>  vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as trustee for Ameriquest Securities, Inc., Asset Backed Pass-Through Certificates Series 2003-AR3, et al.<br><br>      Defendants. | CIVIL NO. 13-00506 DKW-RLP<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

**ORDER DISMISSING COMPLAINT FOR LACK OF
<u>SUBJECT MATTER JURISDICTION</u>**

This matter is nearly identical in relevant part to two other cases in this district, brought by the same counsel, which have recently been dismissed for lack of subject matter jurisdiction. *See Dicion v. Mann Mortgage, LLC*, 2014 WL 1366151 (D. Haw. April 4, 2014); *Pascua v. Option One Mortgage Corp.*, 2014 WL 806226 (D. Haw. Feb. 28, 2014). The result here is no different—because Mr. Moore lacks standing and has not satisfied the amount in controversy requirement, this Court lacks subject matter jurisdiction, mandating dismissal of the complaint.

## BACKGROUND

Moore has a mortgage on his residence. Although he has been making payments on this mortgage for years, he now asserts an uncertainty regarding whom to pay. Complaint ¶ 35 ("At present, Mr. Moore does not know the identity of the true Note holder and does not know to whom his mortgage payments are due."). He asserts a single cause of action that he refers to as "quiet title," requesting that this Court "declare which entity is the true owner of his Note and mortgage so that he will not have double or triple liability for his debt." Complaint ¶ 1.

Defendants, the mortgagees and loan servicers on Moore's mortgage, move to dismiss.

## STANDARD OF REVIEW

Although Defendants' motions are filed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2), the Court "must determine that [it] ha[s] jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Thus, the Court is "obligated to consider sua sponte whether [it] ha[s] subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). In order to establish standing, three requirements must be met:

> First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.* at 102–04 (internal citations and quotation marks omitted). *See Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing.").

Even where a plaintiff has standing, subject matter jurisdiction must also be established. Jurisdiction founded on diversity (the basis for jurisdiction alleged by Moore here) "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332. Where, as here, declaratory or injunctive relief is sought, it is "'well established that the amount in controversy is measured by the value of the object of the

3

litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The object of the litigation is "the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976); *see also Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (stating that the "required amount [in controversy is] the value of the particular and limited thing sought to be accomplished by the action").

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

## DISCUSSION

Moore lacks standing and has failed to satisfy the amount in controversy requirement necessary to establish diversity jurisdiction. Accordingly, the Court dismisses the complaint for lack of subject matter jurisdiction.

First, Moore has not alleged an injury in fact to sufficiently establish standing. Although Moore asserts his general concern that he *could* face "double or triple liability for his debt" without the Court's assistance in ascertaining to whom he should pay, Moore does not allege that any Defendant has *actually* initiated foreclosure proceedings or that more than one party has *actually* demanded payment on the same loan—allegations necessary to show actual injury. Consequently, as Judge Seabright concluded in *Dicion*:

> Absent such factual allegations, the potential for multiple liability or foreclosure is no more than mere speculation and falls far short of constituting an Article III injury-in-fact. Thus, Plaintiff's injury is no more than his own uncertainty regarding which Defendant is entitled to his mortgage payments. Such a subjective uncertainty is neither sufficiently concrete nor particularized to constitute an injury-in-fact.

2014 WL 1366151, at *4 (internal citations omitted); *see also Pascua*, 2014 WL 806226, at *4 ("At most, the injury-in-fact that Pascua suffers is the 'uncertainty' he says he has regarding what entity he is supposed to pay. It is not clear that this subjective feeling of uncertainty is sufficiently concrete and particularized to constitute an injury-in-fact. It is also not clear that Pascua's purported injury, such as it is, is caused by Defendants' conduct rather than by Pascua's own apparent inability to discern the nature of his obligations." (internal citation omitted)). Indeed, the Defendants agree that there is no dispute as to the roles of each Defendant entity, and there is nothing to even suggest that Moore would be subject to double or triple liability, as he apparently fears. Having alleged no injury in fact, and the Court declining to allow Moore to manufacture one, Moore lacks standing, depriving the Court of subject matter jurisdiction. *Steel Co.*, 523 U.S. at 102.[1]

---

[1]The Court also adopts the same reasoning and conclusion reached by Judge Seabright in *Dicion* for the second and third requirements of standing:

> Furthermore, in the absence of a demand for payment from multiple Defendants, Plaintiff's uncertainty is not fairly traceable to any challenged

Second, the Court also lacks subject matter jurisdiction because the amount in controversy requirement to establish diversity jurisdiction has not been satisfied. Moore alleges that "the amount in controversy is $369,000.00, which is the amount of the mortgage loan secured on the Subject Property." Complaint ¶ 14. However, as Judge Mollway discussed in *Pascua*:

> Here, the matter Pascua says he wants to accomplish does not implicate the entire debt or the value of the property. Although he styles his claim as one to "quiet title," Pascua does not allege that he holds title to the property free and clear of any debt obligation. Nor does Pascua seek to enjoin a foreclosure. In either such situation, the full debt or the property itself would be the object of the litigation, because the claimant would be trying to prevent paying the debt or losing the property. Pascua, by contrast, asks for a declaration to prevent him from feeling uncertainty as to whom to pay. He is not actually being asked to pay his acknowledged debt more than once. The amount in controversy is therefore the subjective value to Pascua of freeing him from that risk. Courts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty.
>
> In any event, it is implausible to suggest that the subjective value to Pascua of such a declaration is greater than $75,000. Pascua's primary fear appears to be that he will accidentally pay the wrong party $41,139.92, which is the amount Wells Fargo is currently requesting he pay to avert foreclosure. The harm to Pascua of his fear that he might lose a second payment of $41,139.92 cannot plausibly be worth in excess of $75,000.

2014 WL 806226, at *5 (internal citations omitted).

---

action of the Defendants. Nor is Plaintiff's uncertainty likely to be redressed by a favorable decision.

2014 WL 1366151, at *5 (alterations, quotation marks, and citation omitted).

Similarly here, Moore asks for a declaration to clarify his alleged confusion as to whom to pay.  Therefore, the object of the litigation is not the full amount of the mortgage loan, but is instead the value in relieving Moore's uncertainty.  *Dicion*, 2014 WL 1366151, at *6.  However, Moore has not even attempted to prove what the value of that uncertainty is and the Court will not speculate.  In short, "because the true purpose of this action is neither to quiet title in favor of Plaintiff and against all Defendants, nor to stop an imminent foreclosure sale, simply requesting such relief cannot transform the object of litigation to the subject property [or the full amount of the mortgage on that property]."  *Dicion*, 2014 WL 1366151, at *6 n.6.

Finally, the Court notes that even if the Court had subject matter jurisdiction, "Plaintiffs' contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'"  *Klohs v. Wells Fargo Bank, N.A.*, 901 F.Supp.2d 1253, 1261 n.4 (D. Haw. 2012).

## **CONCLUSION**

The Court hereby dismisses Moore's complaint for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAIʻI, April 30, 2014.



Derrick K. Watson
United States District Judge

---

Moore v. Deutsche Bank Nat'l Trust Company, et al.; CV 13-00506 DKW/RLP; ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION